UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |
|---|---|
| GREGORY STANGELO, : |  |
| : | CASE NO. 1:12-CV-01515 |
| Plaintiff, : |  |
| : |  |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. No. 19.] |
| CLEVELAND CLINIC FOUNDATION, : |  |
| : |  |
| Defendant. : |  |
| : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 13, 2012, Gregory Stangelo filed this action against his former employer, the Cleveland Clinic.[1] Stangelo makes three claims: (1) sex discrimination; (2) disability discrimination; and (3) wrongful termination in violation of public policy.[2] The Clinic moves the Court to dismiss Stangelo's claim for termination in violation of public policy under Federal Rule of Civil Procedure 12(b)(6), and says the complaint fails to state a claim upon which relief can be granted.[3] Stangelo opposed the motion,[4] and the Clinic replied[5]. For the reasons below, the Court **GRANTS** the Clinic's motion to dismiss.

## I. Background[6]

In April 2007, the Clinic hired Stangelo as an ombudsman.[7] In that role, Stangelo

---

[1] Doc. 1. On December 20, 2012, Stangelo filed an amended complaint. Doc. 17.
[2] Doc. 17 at 6-10.
[3] Doc. 19.
[4] Doc. 23.
[5] Doc. 24.
[6] The facts below represent Stangelo's version of the events.
[7] Doc. 17 at 3.

-1-

Case No. 1:12-CV-01515
Gwin, J.

investigated and resolved patient complaints.[8] Shelly Frost, the Clinic's director of Consumer affairs, hired and supervised Stangelo.[9] Stangelo says that Frost told him that the Clinic did not hire males as ombudsman because "[t]hey have a different way of thinking."[10] Stangelo says that Frost made an exception for him because they had been acquainted before he applied to the Clinic.[11] While he worked as an ombudsman, Stangelo says that the Clinic replaced the few males in his department with females.[12]

In 2010, Stangelo received a diagnosis of attention deficit hyperactivity disorder ("ADHD").[13] He says he told Frost about his ADHD.[14] In October and November 2010, Stangelo says that he conducted several investigations that upset directors at the Clinic.[15] He says that the Clinic responded by criticizing his work and auditing his investigations.[16] Stangelo says that Frost denied he had a disability and refused to respond to his request for an accommodation.[17] On December 28, 2010, the Clinic suspended Stangelo.[18] On January 3, 2011, the Clinic terminated Stangelo's employment.[19]

## II. Law & Analysis

A court may grant a motion to dismiss only when "it appears beyond doubt" that the plaintiff

---

[8] Doc. 17 at 3.
[9] Doc. 17 at 3.
[10] Doc. 17 at 3.
[11] Doc. 17 at 4.
[12] Doc. 17 at 4.
[13] Doc. 17 at 4.
[14] Doc. 17 at 4.
[15] Doc. 17 at 4-5.
[16] Doc. 17 at 5.
[17] Doc. 17 at 5.
[18] Doc. 17 at 5.
[19] Doc. 17 at 5.

Case No. 1:12-CV-01515
Gwin, J.

fails to state a claim upon which relief may be granted.[20] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[21] Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."[22] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true. *Iqbal*, 129 S. Ct. at 1949-51.

Stangelo says that the Clinic terminated him in violation of public policy. In *Greeley v. Miami Valley Maint. Contractors., Inc.*, the Ohio Supreme Court held that an employee has a private cause of action for wrongful termination when the termination contravenes a "sufficiently clear public policy."[23] To make such a claim, a plaintiff must plausibly allege that: (1) a clear public policy existed, manifested in a state or federal constitution, statute, or administrative regulation (clarity element); (2) dismissing employees under such circumstances would jeopardize the public policy (jeopardy element); (3) conduct related to the public policy motivated the dismissal (causation element); and (4) the employer lacked an overriding legitimate business justification (justification element).[24]

The Court finds that Stangelo has failed to meet the pleading requirements of Rule 8(a). First, Stangelo has failed to plead that he was an employee at-will. Interpreting Ohio law, the Sixth

---

[20] Fed. R. Civ. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45 (1957).
[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[22] Fed. R. Civ. P. 8(a)(2).
[23] 49 Ohio St.3d 228, 233-34 (1990).
[24] *Unger v. City of Mentor*, 387 F. App'x 589, 593-94 (6th Cir. 2010) (citing *Kulch v. Structural Fibers, Inc.*, 677 N.E.2d 308, 321 (Ohio 1997)).

Case No. 1:12-CV-01515
Gwin, J.

Circuit has said that "it is the affirmative duty of the plaintiff seeking to recover under a public policy tort theory to plead . . . that he was an at-will employee."[25] The public policy exception applies only to an employment-at-will relationship.[26] Here, in his amended complaint, Stangelo has failed to plead that he was an at-will employee.

Second, Stangelo's amended complaint fails to identify the public policy the Clinic allegedly violated. Ohio law requires a plaintiff to satisfy the "clarity" element in his pleading.[27] He must "*indicate the specific public policy at issue* and explain how it was violated."[28] Here, Stangelo makes only the general allegation that his termination violated "Ohio's and the Center for Medicare Services public policy . . . ."[29] Such generalized statements are insufficient to put the Clinic on notice of the public policies it allegedly violated. In his opposition to the Clinic's motion to dismiss, Stangelo cites to specific Centers for Medicare and Medicaid Services regulations and the Ohio Whistleblower Act.[30] But, Stangelo has not moved the Court to amend his complaint with these more detailed allegations.[31] His complaint controls. Thus, Stangelo has failed to satisfy the clarity element in his pleadings.

Third, even if Stangelo had pled that he was terminated in violation of Ohio Whistleblower Act policy, he has failed to plead that he satisfied the Act's administrative procedures. Ohio courts

---

[25] *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 366 (6th Cir. 2006).

[26] *Haynes v. Zoological Soc. of Cincinnati*, 652 N.E.2d 948, 950 (Ohio 1995).

[27] *See Carpenter v. Kaiser Found. Health Plan of Ohio, Inc.*, 04CV1689, 2005 WL 1123611, *3 (N.D. Ohio May 11, 2005) (dismissing a plaintiff's complaint for failure to state a claim where the complaint failed to say "which public policy allegedly had been violated"); *Carver v. Universal Well Servs., Inc.*, 96CA0082, 1997 WL 537677, *2 (Ohio Ct. App. Aug. 20, 1997).

[28] *Carver*, 1997 WL 537677 at *2 (emphasis added).

[29] Doc. 17 at 10.

[30] Doc. 23 at 1-2.

[31] Even if Stangelo moved now to amend his complaint, such amendment would likely prejudice the Clinic. This case is scheduled for trial on June 24, 2013. The deadline for amended pleadings was December 20, 2012.

Case No. 1:12-CV-01515
Gwin, J.

recognize the public policy embodied in Ohio's Whistleblower Act as a basis for a claim for termination in violation of public policy.[32] But, Ohio courts have restricted the Act's applicability to employees that have complied with the administrative procedures stated in Ohio Revised Code 4113.52.[33] Thus, an employee who has failed to comply with the Act's reporting or procedural requirements may not base a claim on the policy embodied in the Whistleblower Act.[34] Here, Stangelo has failed to plead that he has satisfied the Act's administrative requirements. Thus, he cannot base his claim for termination in violation of public policy on the Ohio Whistleblower Act.

Because Stangelo has failed to plead that he was an at-will employee and failed to identify the specific policies the Clinic allegedly violated, and because he has failed to plead that he satisfied the Ohio Whistleblower Act's administrative requirements, the Court finds that Stangelo has failed to state a claim on which relief can be granted.

### III. Conclusion

For the reasons above, the Court **GRANTS** the Clinic's motion to dismiss.

IT IS SO ORDERED.

Dated: May 16, 2013                              s/    *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[32] *Kulch v. Structural Fibers, Inc.*, 677 N.E.2d 308, 322 (Ohio 1997).
[33] *Id.*
[34] *See Contreras v. Ferro Corp.*, 652 N.E.2d 940, 946 (Ohio 1995).